IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID A. WILLIAMSON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-03-990 |
| | § | |
| THALES GEOSOLUTIONS, INC., ET AL. | § | |

## REPORT AND RECOMMENDATION

On January 12, 2007, this Court conducted a Hearing on the converted "Motion for Relief from Judgment" of Plaintiff David Williamson. Having considered the Motion and heard arguments from the Parties, the Court issues this Report and Recommendation.

On February 2, 2005, Williamson signed a Settlement Agreement releasing all claims he had as a result of the maritime injury made the basis of this litigation. Williamson received more than $600,000.00 which included amounts for possible future surgery. The Defendants also paid approximately $84,000.00 of Williamson's medical bills and agreed to fund a set-aside agreement if one was necessary to insulate Williamson from further medicare, medicaid and or social security liens or claims. In the Settlement Agreement Williamson specifically acknowledged that there was a possibility that he could develop future medical conditions which might make the Settlement Agreement appear inadequate.

Following the Settlement Agreement a comprehensive life plan was developed by Gould & Lamb, a firm specializing in such reports. The firm concluded that no future medical care related to Williamson's injury not already included in the settlement amount would be necessary. Consequently, the firm recommended that no medicare set-aside was appropriate. As stated above, had one been needed, the Defendant had agreed to fund it. Williamson's present Motion

seeks to re-open this litigation because no set-aside was funded; however, under the circumstances, the Court finds that the Motion lacks merit.

It is, therefore, **RECOMMENDED** that the converted "Motion for Relief from Judgment" (Instrument no. 40) of Plaintiff David A. Williamson be **DENIED**.

The Court further finds that the instant Motion was filed after Williamson was in possession of information indicating that it was meritless and, therefore, the Court further **RECOMMENDS** that the request of R. Edward Blanchard, attorney for Defendant, for the recovery of $402.54 in expenses attributable to his attendance at the Hearing be **GRANTED**.

In a related matter, Williamson's trial attorney, Thomas J. Mosele, has filed a Motion to have Williamson's wife, Karen Williamson, who filed the Rule 60(b) Motion purportedly as attorney-in-fact for Williamson, declared a vexation litigator under Chapter 11 of the Texas Civil Practice and Remedies Code.  While it appears Karen Williamson may fall within the Texas definition of a vexation litigator, this Court doubts that it has the power in her husband's admiralty case to grant Mosele's claim for state law relief.   Therefore, it is the further **RECOMMENDATION** of this Court that Mosele's Motion (Instrument no. 42) , while it may have merit in some other forum, be **DENIED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Plaintiff. Plaintiff **SHALL** have until **February 9, 2007**, to file written objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   The Objections **SHALL** be mailed to the United States District Clerk, P.O. Drawer 2300, Galveston, Texas  77553.  **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report**

**and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file objections within the prescribed time **SHALL** bar an aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this \_\_\_\_23rd\_\_\_\_ day of January, 2007.

John R. Froeschner
United States Magistrate Judge